### FAIRBANKS and others *v.* SPAULDING, Collector.

*(Circuit Court, N. D. Illinois.   January 22, 1884.)*

CUSTOMS DUTIES—STEARINE.

    Stearine is not to be classed as "tallow," but as a "manufacture of tallow," and as such is subject to a duty of 25 per cent.

At Law.

*Storck & Schumann,* for plaintiff.

*Gen. Joseph B. Leake,* Dist. Atty., for defendant.

BLODGETT, J.   In February, 1882, the plaintiffs imported two invoices of merchandise, entered as "tallow" and dutiable under schedule M of section 2504 of the Revised Statutes.   The article so entered as "tallow" was classed by the inspector as "a manufacture of tallow" under section 2516, and charged a duty at the rate of 20 per cent. *ad valorem.*   The plaintiffs paid, under protest, the duty so charged and bring this suit to recover the difference between the amount paid at the rate of 20 per cent. *ad valorem* and what would have been the amount of the duty on this commodity had it been classed as tallow and charged with duty at the rate of 1 per cent. per pound, as provided in schedule M, § 2504.   The only question in the case is one of fact, whether the article imported was tallow or a manufacture of tallow, and the preponderance of proof, I think, shows quite satisfactorily that this imported article was stearine, and that stearine is one of the products resulting from the manufacture of tallow.   It is a hard substance or residuum, left after extracting or pressing the oil from the tallow, and the proof fully satisfies me that this is stearine—that it had passed through the process of pressing, and was, at the time of its importation, a manufacture of tallow, and not tallow in its natural condition.   The plaintiffs' counsel also contends that this article is entitled to come in under the free list provided for in section 2505, as "grease for use as soap stock only;" but there are, as it seems to me, two complete answers to this proposition: *First,* that the protest claimed that the article was "tallow" and dutiable at 1 per cent. per pound, and he is confined to the case made by his protest, under section 2931.   *Second,* there is no proof that this article is "grease for soap stock only."   The court perhaps might, from common knowledge, say any fatty substance can be used in some way for the manufacture of soap, but I cannot say, and certainly the proof does not aid me in saying, that this stearine is only used for the manufacture of soaps.

    There will be a finding, therefore, for the defendant.